UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTA JO HIESHETTER,

       Plaintiff,                              Hon. Janet T. Neff

v.                                            Case No. 1:19-cv-190

TYSON FOODS, INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

## BACKGROUND

Plaintiff Marta Jo Hieshetter has sued Defendants Tyson Foods, Inc.; Tyson Foods, Inc. Pension; Noel White, the CEO and President of Tyson Foods; and Chuck Hawley, Manager, alleging claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, the Fourteenth Amendment to the United States Constitution, and the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411, *et seq.* She also appears to assert state-law claims for negligence and breach of fiduciary duty. All of Hieshetter's claims are based on Defendants' refusal to pay her pension benefits that her former husband earned as an employee of Tyson Foods, Inc.

Hieshetter married John Lawrence Hieshetter on August 6, 1976, in the State of Louisiana. (ECF No. 1 at PageID.4.) The Hieshetters divorced on November 22, 2010, pursuant to a Consent Judgment of Divorce entered by the Kent County Circuit Court. (*Id.*; ECF No. 6-1.) During the

1

marriage, John Hieshetter was employed by Tyson Foods and, as a participant, earned a pension benefit and Tyson Foods stock options. (*Id.*) Paragraphs 7 and 8 of the Consent Judgment addressed the disposition of the parties' respective pension, retirement, and stock option benefits earned through employment as follows:

> 7. **PENSION, ANNUITY OR RETIREMENT BENEFITS**: Each party shall receive, free and clear of any interest of the other, all pension, annuity, or retirement benefits which he/she has accrued as a result of their respective employment, including their known contribution to such pension, annuity and retirement systems, and their rights or contingent rights in and to unvested pension, annuity, or retirement benefits. If it is determined that any other such rights, interests, or contributions existed at the time of the entry of this Judgment, this Court retains jurisdiction to determine the respective rights and interests of the parties to such rights, interests, or contributions.
>
> 8. **STOCK OPTIONS**: The Plaintiff [John Lawrence Hieshetter] shall receive free and clear of any claim by the Defendant [Marta Jo Hieshetter] any and all stock and/or stock options which he has or which may be available to him.

(ECF No. 6-1 at PageID.43.)

On or about January 24, 2019, Hieshetter sent Defendant White a letter requesting that he provide her a Tyson Foods pension application. (ECF No. 1 at PageID.4; ECF No. 1-1 at PageID.9.) Although Defendant White did not respond, Defendant Hawley sent Hieshetter a letter requesting additional information because he was "unable to properly research [Hieshetter's] potential benefit request." (ECF No. 1 at PageID.4; ECF No. 1-1 at PageID.11.) Having received no pension application, Hieshetter wrote another letter to Defendant White on February 5, 2019, again requesting a pension application. Hieshetter explained that she was John Hieshetter's ex-wife, that John Hieshetter had worked for Tyson Foods for over 22 years, and that she and John Hieshetter were both over 65 years of age. (ECF No. 1 at PageID.4; ECF No. 1-1

at PageID.12.)   Hieshetter filed her complaint in this case on March 12, 2019, after Tyson Foods failed to provide her a pension application.

Defendants now move to dismiss Hieshetter's claims on the ground that her allegations fail to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.   *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed

> with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss….  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations and alterations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich. Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits…in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

### I. ERISA Claim

Citing the divorce Consent Judgment—a document the Court may consider in deciding Defendants' motion to dismiss as Hieshetter referenced it in her complaint and attached portions of it—Defendants argue that Plaintiff does not state a claim under ERISA.  (ECF No. 6, PageID.36-37.)  Defendants argue that Paragraphs 7 and 8 preclude Hieshetter's claim for pension or other benefits because the Consent Judgment awarded those benefits to her former husband,

4

John Hieshetter, "free and clear" of any interest that Hieshetter had in them. In essence, they argue that she is not a participant or beneficiary of the pension plan. Defendants further argue that dismissal is warranted because Hieshetter failed to plead that she exhausted her administrative remedies or, alternatively, that exhaustion would have been futile and because she failed to sue the proper entity. Because Hieshetter lacks standing to assert a claim for benefits under ERISA, the Court will limit its analysis to that issue.

Pursuant to Section 502(a)(1)(2) of ERISA, 29 U.S.C. § 1132(a)(1)(2), a "participant or beneficiary" may bring a civil action "to recover benefits due to [her] under the terms of [her] plan." "Only 'participants' and 'beneficiaries,' as those terms are defined under ERISA, have standing to pursue claims for benefits under 29 U.S.C. § 1132(a)(1)(B)." *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 951 (6th Cir. 1990). ERISA defines "participant," in relevant part, as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). ERISA requires pension plans to contain anti-alienation provisions prohibiting, with limited exceptions, the assignment or alienation of a participant's benefits under the plan. 29 U.S.C. § 1056(d)(1). Accordingly, "ERISA confers beneficiary status on a nonparticipant spouse or dependent only in narrow circumstances delineated by its provisions." *Boggs v. Boggs*, 520 U.S. 833, 846 (1997). One such exception is a "qualified domestic relations order," or QDRO, 29 U.S.C. § 1056(d)(3)—"a type of domestic relations order that creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion of

5

the benefits payable with respect to a participant under a plan." *Boggs*, 520 U.S. at 846 (citing Section 1056(d)(3)).

Hieshetter, a nonparticipant spouse, lacks standing under ERISA to assert a claim for John Hieshetter's pension benefits because the Consent Judgment is not a QDRO. That is, the Consent Judgment establishes John Hieshetter's right to his entire pension benefit, unreduced by payments to Hieshetter or anyone else. *See* 29 U.S.C. § 1056(3)(B)(i)(I) (defining a QDRO as "a domestic relations order . . . which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan"). In short, the Consent Judgment does not create or recognize an alternate payee. Because a plaintiff's status as a participant or a beneficiary is a substantive element of an ERISA claim, *see Keever v. NCR Pension Plan*, No. 3:15-cv-196, 2015 WL 9255342, *4 (S.D. Ohio Dec. 17, 2015) (citing *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 978 (9th Cir. 2012)), Hieshetter's claim for pension benefits is subject to dismissal for failure to state a claim.

The Court has no basis to determine whether Tyson's stock option/bonus plan qualifies as an ERISA pension plan. *See Kaelin v. Tenneco, Inc.*, 28 F. Supp. 2d 478, 486 (N.D. Ill. 1998) ("A number of district courts also agree that stock or bonus plans that might lead to post-retirement payments are not ERISA pension plans."). To the extent Hieshetter seeks some or all of John Hieshetter's benefits under Tyson's stock option/bonus plan, her claim is subject to dismissal because she lacks standing if the stock plan is an ERISA pension plan. If, alternatively, it is not an ERISA plan, pursuant to the Consent Judgment she has no right to, or interest in, John Hieshetter's stock or options. Therefore, she has not stated a claim.

In her response, Hieshetter fails to address the effect of the Consent Judgment or the substance of Defendants' arguments for dismissal. Her assertion that Defendants "should want to do the right thing to settle and try to compensate plaintiff for her damages" (ECF No. 8 at PageID54), is not a legally cognizable basis to deny Defendants' motion.

## II.     LMRDA Claim

Hieshetter fails to state a claim under the LMRDA. The LMRDA is "designed to guarantee every union member equal rights to vote and otherwise participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline." *Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 536–37 (1984); *see also Finnegan v. Leu*, 456 U.S. 431, 436 (1982) (noting the LMRDA's "primary objective of ensuring that unions would be democratically governed and responsive to the will of their memberships"). Hieshetter alleges neither that she is a member of a union nor that any rights protected by the LMRDA have been violated.

## III.    Fourteenth Amendment Claim

Hieshetter includes the following statement in her complaint: "Fourteen [sic] Amendment–Rights Guaranteed; Privileges and immensities [sic] of citizenship, due process and equal protection." (ECF No. 1 at PageID.2.) To the extent Hieshetter alleges that Defendants violated the Fourteenth Amendment to the United States Constitution, her claim lacks merit. As the Supreme Court has observed, "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

Hieshetter fails to allege how Defendants—private persons and entities—constitute state actors such that they are covered by the Fourteenth Amendment.

### IV.    State-Law Claims

Hieshetter refers to "neglect and breaches of fiduciary duties by all defendants."  (ECF No. 1 at PageID.6.)   To the extent Hieshetter intends to allege state-law claims for negligence and/or breach of fiduciary duty, she fails to state a claim as she does not allege any fact showing that Defendants owed her a duty or breached any duty that they may have owed to her.   Moreover, it is well established that common claims seeking benefits under an ERISA plan, such as negligence and breach of fiduciary duty, are preempted by ERISA.  *See Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) ("Common law breach of fiduciary duty claims are clearly preempted by ERISA."); *Hester v. United Healthcare Ins. Co.*, No. 1:08-cv-105, 2008 WL 11452448, at *3 (E.D. Tenn. Oct. 9, 2008) ("Because Plaintiffs' negligence claim against United is essentially a claim for denial of benefits which could have been brought under § 502(a)(1)(B), it is preempted by ERISA.").

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 5) be granted and the complaint dismissed with prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 5, 2019                                       /s/ Sally J. Berens  
                                                                                  SALLY J. BERENS  
                                                                                  U.S. Magistrate Judge